UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENGLER VASQUEZ and OLMAN GUERRA, and all other Plaintiffs similarly situated known and unknown<br><br>Plaintiffs,<br><br>v.<br><br>CHICAGO CARRIAGE CAB CORP., and 2617 AUTO REPAIR, INC.,<br><br>Defendants. | FILED: APRIL 30, 2008<br>08CV2473 NF<br>JUDGE GETTLEMAN<br>Case No. MAGISTRATE JUDGE COX<br>Judge<br><br>Magistrate Judge |

## PLAINTIFFS' COMPLAINT AT LAW

Plaintiffs Bengler Vasquez ("Vasquez") and Olman Guerra ("Guerra") (collectively "named Plaintiffs"), on behalf of themselves and all other unnamed Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class"), by and through their attorneys, Caffarelli & Siegel Ltd., for their Complaint at Law, complain against Defendants Chicago Carriage Cab Corp. ("CCC") and 2617 Auto Repair, Inc. ("2617") (collectively referred to as "Defendants") as follows:

### NATURE OF ACTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") for Defendants' failure to pay overtime wages to named Plaintiffs and members of the Plaintiff Class.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of the action under the express provisions of the FLSA, 29 U.S.C. § 216(b), and under 28 U.S.C. § 1331.

3. The unlawful employment practices described herein were committed within the State of Illinois, in CCC's facility located in Chicago, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Named Plaintiffs reside in and are domiciled within this judicial district.

5. Named Plaintiffs, and all members of the Plaintiff Class, are either present or past employees of Defendants.

6. Defendant CCC is an Illinois corporation engaged in all aspects of the cab transportation industry, including vehicle maintenance. It is located at 2617 South Wabash Ave., Chicago, IL, 60616, in this judicial district.

7. Defendant 2617 is an Illinois corporation engaged in the vehicle maintenance and repair industry. It is located at 2617 South Wabash Ave., Chicago, IL, 60616, in this judicial district.

8. Defendants CCC and 2617 are/were "joint employers" of Plaintiff Vasquez and all members of the Plaintiff Class.

9. At all relevant times, named Plaintiffs and all other members of the Plaintiff Class, known and unknown, were "employees" subject to the FLSA, who were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. § 207, and Defendants were "employers" subject to the FLSA.

## FACTUAL ALLEGATIONS

10. Plaintiff Vasquez was employed by Defendants from approximately February 15, 2006 through approximately October 2007.

11.     Plaintiff Vasquez worked as a mechanic with a regular rate of pay of $11.75 per hour.

12.     Plaintiff Guerra was employed by Defendants from approximately June 2006 through approximately January 2008.

13.     Plaintiff Guerra worked as a mechanic with a regular rate of pay of $11.50 per hour.

14.     Defendants employed, and still employ, other employees who perform[ed] the same job duties and responsibilities as named Plaintiffs, and who are/were compensated in the same manner.

15.     Named Plaintiffs and all other members of the Plaintiff Class, known and unknown, routinely were directed by Defendants to work, and did work, in excess of forty (40) hours per week while in Defendants' employ.

16.     Named Plaintiffs and all other members of the Plaintiff Class, known and unknown, are entitled under the FLSA to overtime pay.

17.     Named Plaintiffs and all other members of the Plaintiff Class, known and unknown, were not paid one and one-half their regular hourly rate (commonly known as overtime) for hours worked in excess of forty (40) per work week.

18.     Named Plaintiffs and all other members of the Plaintiff Class, known and unknown, were paid their regular hourly wage ("straight time") for all hours worked in excess of forty (40) hours per work week

19.     Defendants were aware of their obligation to pay non-exempt hourly workers overtime pay, and intentionally chose not to pay named Plaintiffs or other members of the Plaintiff Class accordingly.

20.     Defendants acted in bad faith in failing to compensate named Plaintiffs and other members of the Plaintiff Class for the work they performed.

## CLASS ALLEGATIONS

21.     Pursuant to 29 U.S.C. § 216(b), this action may be maintained by Plaintiffs who have been damaged by Defendants' failure to comply with 29 U.S.C. § 201 *et seq.* and 29 U.S.C. §251 *et seq.*

22.     All past and present employees of Defendants who performed the same type of work as the named Plaintiffs are similarly situated to the named Plaintiff in that Defendants have applied the compensation policies, which violate the FLSA, on a company-wide basis for at least all members of the Plaintiff Class.

23.     All past and present employees, including the named Plaintiffs, are or were engaged in job duties and responsibilities integral and indispensable to the operation of Defendants' business, and all have been and/or are presently being denied proper compensation as required by the FLSA.

24.     For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

25.     In order to bring this cause of action, it has been necessary for the named Plaintiff, and will become necessary for the other members of the Plaintiff Class, to employ attorneys to secure any judgment due them with regard to back compensation.

## COUNT I
### Violation of the Fair Labor Standards Act

26.     Paragraphs 1-25 are re-alleged and incorporated as though set forth fully herein.

27. This count arises from Defendants' violations of the FLSA, 29 U.S.C. §201 *et seq.*, for their failure to pay overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

28. Pursuant to 29 U.S.C. § 207, for all weeks during which named Plaintiffs and all other members of the Plaintiff Class, known and unknown, worked in excess of forty (40) hours, they were entitled to be compensated at the overtime rate of one and one-half times their normal hourly rate of pay.

29. Defendants have, both in the past and presently, failed to pay the named Plaintiffs and members of the Plaintiff Class overtime for hours worked in excess of forty (40) per work week.

30. Pursuant to the FLSA, named Plaintiffs and all other members of the Plaintiff Class, known and unknown, past or present, are entitled to compensation at a rate of not less than one and one-half times their regular rates of pay for all the hours worked in excess of forty (40) in any given week during at least the two (2) years preceding the filing of this Complaint.

## COUNT II
### Willful Violation of the Fair Labor Standards Act

31. Paragraphs 1-30 are re-alleged and incorporated as though set forth fully herein.

32. Defendants knew, or should have known, of the requirements of the FLSA.

33. Defendants have, both in the past and presently, willfully failed to pay the named Plaintiffs and members of the Plaintiff Class overtime for hours worked in excess of forty (40) per work week, despite the fact that Defendants knew, or should have known, of the requirements of the FLSA.

34. Defendants continue a pattern of deliberate, intentional, and willful violation of the FLSA.

35. Pursuant to the FLSA, named Plaintiffs and all other members of the Plaintiff Class, known and unknown, past or present, are entitled to compensation at a rate of not less than one and one-half times their regular rates of pay for all the hours worked in excess of forty (40) in any given week during the three (3) years preceding the filing of this Complaint.

## COUNT III
## Liquidated Damages

36. Paragraphs 1-35 are re-alleged and incorporated as though set forth fully herein.

37. In denying Plaintiff's and other members of the Plaintiff Class' compensation at a rate of one and one-half for time worked in excess of forty hours in a work week, Defendants' acts were not based upon good faith or reasonable grounds.

38. The named Plaintiffs and all other members of the Plaintiff Class, known and unknown, past and present, are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. §206.

WHEREFORE, Plaintiffs Bengler Vasquez and Olman Guerra, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

A. Back pay equal to the amount of all unpaid overtime wages for the two (2) years preceding the filing of this Complaint for a violation of the FLSA, or for the three (3) years preceding the filing of this Complaint to the present for a willful violation of the FLSA;

B. Liquidated damages equal to the amount of unpaid back wages, pursuant to 29 U.S.C. § 216(b);

C. Prejudgment interest with respect to the total amount of unpaid overtime compensation;

D.  Reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

E.  Such additional relief as the Court deems just and appropriate under the circumstances.

Dated: April 30, 2008                                  Respectfully submitted,

Alejandro Caffarelli, #06239078          BENGLER VASQUEZ and OLMAN
Lorraine T. Peeters, #06290434           GUERRA
Caffarelli & Siegel Ltd.
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL 60601                        By: _____
Tel. (312) 540-1230                           Attorney for Plaintiff
Fax (312) 540-1231